UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LEON FLEMINGS,<br><br>Defendant. | CASE NO. CR09-57 MJP<br><br>ORDER ON DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE |

The Court, having received and reviewed Defendant's Motion for Modification of Sentence (Dkt. No. 30) and the United States' Response to Defendant's Pro Se Motion for Reduction of His Sentence (Dkt. No. 31), makes the following ruling:

IT IS ORDERED that the motion is DENIED.

On April 29, 2009, Defendant entered a plea of guilty to one count of possession of oxycodone with intent to distribute in violation of 21 U.S.C. 841. (Dkt. No. 21) He appeared before this Court for sentencing on August 7, 2009. Defendant's applicable sentencing guideline calculations included a total base offense level of 29, a criminal history category IV, and a standard range sentence of 151 to 188 months in prison. Presentence Report (PSR; filed under

seal as United States' Exh. 1) ¶ 125. This Court imposed a sentence of 100 months in prison. (Dkt. No. 25)

Defendant now appears before this Court by way of his motion to seek a reduction of his sentence. His reasoning is simple: "Because Fleming has had a previous arrest for crack cocaine which has been shown in his PSR… Fleming respectfully requests a downward departure because it was not available to him at his first sentencing." Motion, pp. 3-4. Defendant seeks to take advantage of recent amendments to the Sentencing Guidelines which have provided retroactive reductions in sentences imposed for drug offenses involving crack cocaine. *See* 18 U.S.C. 3582(c).

Although Defendant does have a prior state conviction in 2003 for possession of crack cocaine (PSR ¶ 61), the amendments to the Sentencing Guidelines to which he refers are directed solely at the calculation of an offender's base offense level for a crack cocaine crime; in other words, if the crime for which the federal court is sentencing him is not a crack cocaine offense, a defendant is not entitled to a reduction in his sentence. The amendments do not impact the scoring of his criminal history points based on his prior convictions.

The Court must deny Defendant's motion for the simple reason that he was not sentenced by this Court for a crack cocaine offense, and thus the Court has no authority to further reduce his sentence.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 16, 2011.

Marsha J. Pechman
United States District Judge